UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ATRAVION D. PRESTON, *Pro Se*, | ) | Case No.: 1:26 CV 2218 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WARDEN JENNIFER G. BLACK, *et al.*, | ) | MEMORANDUM OF OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro Se* Plaintiff Atravion D. Preston, a former prisoner in the Lorain Correctional Institution ("LORCI"), filed this action to contest medical care and conditions of confinement while he was incarcerated at LORCI from April 17, 2025 until September 19, 2025. He asserts violations of the Eighth Amendment and seeks unspecified monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

**Factual Background**

Plaintiff asserts two medical claims and one claim concerning conditions of confinement. First, he contends that he was told by "the prescriber" that his medication would not be continued. He states that the medication was important for his mental health but he does not indicate the name

of the medication or the condition for which it was originally prescribed. He claims he begged LORCI staff members for the medication but did not receive it. He does not indicate the stated reason for discontinuing the medication or whether he was offered another medication in its place. He indicates he went through withdrawal symptoms which included "brain zaps," headaches, nausea, and fainting. He contends he went on a hunger strike in order to convince prison staff to give him the medication. He does not indicate how long his hunger strike lasted, or if he was successful in obtaining his medication.

For his second claim, Plaintiff alleges that he slipped on a wet floor. He indicates that he was going to wash his dishes and slipped on a wet spot by the sink. He states that the sink was leaking and had not been properly fixed. He alleges that he "felt the pain transfer from [his] back to [his] head instantly." (Doc. No. 1 at PageID #: 8). It is unclear if he hit his head in the fall or whether his headache was caused by the jarring force of landing on another body part. He contends that Mr. Gonzolez, the head of the Maintenance Department was negligent for failing to abate the slippery condition.

For his third claim, Plaintiff alleges that after his fall, he was helped to the medical department where he was told he would have to undergo a two-hour concussion watch before they would decide on an appropriate course of treatment. He states that Lieutenant Bigriggs ordered the nurse to refuse medical treatment. It is not clear what type of medical treatment Plaintiff believes he should have received. He does not indicate the final diagnosis of his injury. He claims the Defendants were deliberately indifferent to his medical needs.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**Discussion**

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute serious health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is

measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. *Wilson*, 501 U.S. at 298 . It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03-2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir.1997)). Moreover, claims amounting to nothing more than a difference of opinion regarding medical treatment generally do not rise to the level of an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Federal courts will not second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. *Smith v. Sator*, 102

F. App'x 907, 909 (6th Cir. 2004). Therefore, Plaintiff must plead facts demonstrating a "substantial risk of harm" to satisfy the objective component, and must also plead facts to demonstrate each Defendant had a "sufficiently culpable state of mind" to satisfy the subjective component. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (quoting *Farmer*, 511 U.S. at 834). Put differently, he must show that each of the Defendants personally knew of a substantial risk of serious harm to Plaintiff and failed to take reasonable steps to abate that risk. *Id.*

Plaintiff's first claims that "the prescriber" of mental health medication discontinued that treatment causing him to suffer withdrawal symptoms. He states in general terms that he suffers from PTSD, depression, and anxiety, but he does not provide the Court with any additional information regarding these conditions. Moreover, Plaintiff does not indicate to which medication he is referring, for which condition it was prescribed or why the prescriber of the medication decided to terminate Plaintiff's use of it. There are many reasons why a medication may be terminated including, but not limited to, that it is not recommended for that condition, that it may only be taken for a brief period of time due to addictive or harmful qualities in the medication, that it cannot be taken in combination with other medications, it is no longer available, or that is it no longer effective. The Court cannot assume that the termination of a particular medication, without more, constitutes deliberate indifference.

Finally, Plaintiff does not allege that any of the Defendants was specifically involved in the decision to prescribe or discontinue this medication. The subjective component requires personal involvement. It is not sufficient to simply allege that a Defendant is a supervisor, *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978), nor is it sufficient to simply list the

elements of a cause of action without supporting facts to demonstrate how that particular Defendant was deliberately indifferent to a serious medical need, *Iqbal*, 556 U.S. at 676. Plaintiff's allegations are stated solely as legal conclusions, which fail to state a claim under the Eighth Amendment.

Plaintiff's second and third claims fail to meet the objective component. He alleges that he slipped on a wet spot caused by a leaky sink. Neither a leaky sink nor a puddle by the sink is sufficiently deplorable condition of confinement to invoke Eighth Amendment protection. Plaintiff also alleges that after the fall he was observed to see if he developed concussion symptoms. He does not indicate the final diagnosis, and there is no suggestion that Plaintiff sustained any serious injury from the fall.

Plaintiff's second and third claims also fail to satisfy the subjective component. Plaintiff alleges that the head of the Maintenance Department was negligent in failing to repair the sink or abate the slippery condition from the water near the sink. Eighth Amendment liability cannot be predicated solely on negligence. *Whitley*, 475 U.S. at 319. Furthermore, after the fall, prison personnel took Plaintiff to the medical department where he was evaluated. He contends they refused to treat him for a head injury without first evaluating him for signs of a concussion. It is unclear what treatment Plaintiff believes he should have had prior to being evaluated by medical staff. He does not provide sufficient allegations to suggest that any of the Defendants were deliberately indifferent to serious medical needs. Plaintiff failed to state a claim for violation of his Eighth Amendment rights.

## Conclusion

Accordingly, this action is hereby dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 29, 2026

---

1 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.